## THE PEOPLE EX REL.

### v.

## THOMAS HANIFAN.

OFFICE—VACANCY—FAILURE TO ATTEND MEETINGS.—Where it appears
that one R., who had been elected alderman, had failed for five months to
attend the meetings of the city council, or perform the duties of his office,
such failure must be considered an implied resignation of the office, and the
resolution of the council declaring the office vacant, and the election of appel-
lee to fill such vacancy will be upheld.

APPEAL from the Circuit Court of St. Clair county ; the
Hon. AMOS WATTS, Judge, presiding.   Opinion filed April 2,
1880.

Mr. R. A. HALBERT, Mr. JOHN B. BOWMAN and Mr. A. S.
WILDERMAN, for appellant; that municipal corporations can
exercise only granted powers, cited Cooley's Con. Lim. 192;
Betz v. Menard, Breese, 395;  Perry v. Kinnear, 42 Ill. 60.

When the mode of exercising a power is prescribed by the
charter, it must be followed:   Zittman v. San Francisco, 20
Cal. 96;  Dillon on Mun. Cor. 273;  People v. San Francisco,
27 Cal. 655:  Indianapolis v. Bly, 39 Ind. 373;  Terre Haute v.
Lake, 43 Ind. 480;  McCracken v. San Francisco, 16 Cal. 591;
Clark v. The People, 15 Ill. 213.

The existence of a power can be inquired into by *quo war-
ranto:*   Delahanty v. Warner, 75 Ill. 185;  Clark v. The Peo-
ple, 15 Ill. 213;  Turnispeed v. Hudson, 50 Miss. 429;  Gill v.
The Council, 9 Wis. 254.

Neglect of duty does not create a vacancy in office: Page v. Hardin, 8 B. Mon. 667; Bryan v. Cattell, 15 Iowa, 637.

There must be an intention to resign: Regents, etc. v. Williams, 9 Gill. & J. 422.

Acceptance by the corporation is necessary: Dillon on Mun. Corp. § 163; Rex v. Patterson, 4 Barn. & Adol. 9.

The supposed organization under the general law was void: The People v. Rafter, 89 Ill. 337.

Officers acting under a void organization have no power to confirm an officer appointed by the mayor: The People v. Weber, 89 Ill. 347.

Messrs. G. & G. A. KOERNER, Mr. J. M. FREELS, and Mr. M. MILLARD, for appellee; that there was a vacancy in office, cited Rev. Stat. Chap. 46, § 124, 126; Dillon on Mun. Corp. 167; State v. Allen, 21 Ind. 516; Angell & Ames on Corporations, § 434; Willcock on Corp. 240; Gabriel v. Clarke, Cro. Cas. 138; Senior v. Sandwick, 1 Sid. 305; Rex v. Marshall, 2 B. & Ald. 340; Regents, etc. v. Williams, 9 Gill. & J. 365; Rex v. Wells, 4 Burr. 1999.

The action of the council declaring a vacancy is conclusive: The People v. Lieb, 85 Ill. 484; State v. Brennan, 25 Conn. 283.

It was not necessary for the council to take steps removing the incumbent after his dereliction of duty: Milwood v. Tatcher, 2 Term Rep. 87; Rex v. Trelawnly, 2 Burr. 1615.

PER CURIAM. This was an information in the nature of a *quo warranto* against Thomas Hanifan, appellee, for unlawfully usurping the office of alderman of the second ward of the city of East St. Louis. At the regular charter election held on the first Tuesday of April, 1878, Henry Rowe was elected an alderman of said second ward, and qualified as such, under the erroneous impression that the city had organized under the general law. A supposed election was held on the 16th of April, 1878, at which also said Rowe was elected alderman from said ward. The charter council continued its meetings; a general law council also organized and held meetings, and said Rowe adhered to

this latter council and attended its meetings, and refused to attend the meetings of the charter council. In August, 1878, the Supreme Court decided the city was still organized under its special charter, and thereupon the general law council dissolved. For five months thereafter, Rowe continued to absent himself from the meetings of the city council. On the 20th of January, 1879, after notice given him, his seat in the city council as alderman from the second ward was, by resolution of the council, declared vacated. In March, 1879, appellee was elected to fill the vacancy. We will waive all questions as to Rowe's connection with the general law council, and his failure to attend the meetings of the charter council so long as he supposed the former was the legal city council.

It appears that for five months after it was judicially determined that the charter council was the *de jure* council of the city, he still failed and refused to attend its meetings, or to perform the duties of the office to which he had been elected. We think this failure and refusal, after the rendition of the judgment of the court of last resort, was, in the light of all the surrounding circumstances, an implied resignation of the office of alderman. He manifested a clear intention to willfully abandon the office and its duties.

The judgment of the circuit court is affirmed.

Affirmed.